RECEIVED

**JUDGE DAVID GUADERRAMA**

APR 2 6 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**Attachment 2 - EEOC Complaint Form**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
_____El Paso_____ **DIVISION**

Deliris Montanez Berrios

## EP22CV0139

(Name of plaintiff or plaintiffs)

Civil Action Number:

v.

(Supplied
by Clerk's Office)

Chris Magnus
Commissioner
U.S. Customs and Border Protection

(Name of defendant or defendants)

## **COMPLAINT**

1.  This action is brought by _____Deliris Montanez Berrios_____, Plaintiff,
    pursuant to the following selected jurisdiction:

    ### **(Please select the applicable jurisdiction)**

[ X ] Title VII of the Civil Rights Act of 1964 (42 USC §§ 2000e et seq.)  Employment
    Discrimination on the basis of race, color, sex (gender, pregnancy and sexual harassment),
    religion or national origin.

[   ] The Age Discrimination in Employment Act (29 USC §§ 621 et seq.) **(ADEA)**.

[ X ] The Americans With Disabilities Act (42 USC §§ 12102 et seq.) **(ADA)**.

[   ] The Equal Pay Act (29 USC § 206(d)) **(EPA)**.

[ X ] The Rehabilitation Act of 1973 (29 USC §791 et seq.) (Applicable to federal employees
    only).

2.  Defendant _____Chris Magnus_____ (Defendant's name) lives
    at, or its business is located at _1300_
    (street address), _Pennsylvania Avenue, N.W._ (city), _Washington, D.C_
    (state), _20229_ (zip).

Rev. Ed. October 26, 2017

**28**

3a.    Plaintiff sought employment from the defendant or was employed by the defendant at    9201 Gateway S Blvd                                                    (street address), (city),  El Paso                (state),  Texas, 79924            (zip).

3b.    At all relevant times of claim of discrimination, Defendant employed  60,000       (#) employees.   If defendant is a union, at all relevant times of claim of discrimination, Defendant had _____ (#) members.

4.    Defendant discriminated against plaintiff in the manner indicated in paragraph 8 of this complaint on or about _____(month) _____(day) ____ (year).   If incidents of discrimination occurred more than one day, please indicate the beginning and ending dates of such acts: 4 April 2016 - 30 November 2020

5.    Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraph 7 of this complaint on or about  April       (month) ____4____(day) ____2016____(year).   (Not applicable to federal civil service employees).

6a.    The E.E.O.C. issued a **Notice of Right to Sue** which was received by plaintiff on (month)  January 26         (day)  2022              (year).   (Not applicable to ADEA and EPA claims or federal civil service employees).

**VERY IMPORTANT NOTE:**        **PLEASE ATTACH A COPY OF YOUR NOTICE OF RIGHT TO SUE AND THE ENVELOPE IN WHICH IT WAS RECEIVED TO THIS COMPLAINT.**

6b.    Please indicate below if the E.E.O.C issued a **Determination** in your case:

[ X ] Yes
[    ] No

**VERY IMPORTANT NOTE:**        **IF YOU CHECKED "YES", PLEASE ATTACH A COPY OF THE E.E.O.C.'S DETERMINATION TO THIS COMPLAINT**

7.    Because of plaintiff's:

**(Please select the applicable allegation(s))**

[ X ]    Race (If applicable, state race)  Hispanic

[    ]    Color (If applicable, state color) _____

**29**

Rev. Ed. October 26, 2017

[ ✕ ]  Sex (gender, pregnancy or sexual harassment) (If applicable, state sex and claim)

[   ]  Religion (If applicable, state religion) _____

[ ✕ ]  National Origin (If applicable, state national origin) Puerto Rican _____

[   ]  Age (If applicable, state date of birth) _____

[ ✕ ]  Disability (If applicable, state disability) Diagnosed with chronic PTSD, anxiety, depression

[ ✕ ]  Prior complaint of discrimination or opposition to acts of discrimination.
(Retaliation) (If applicable, explain events of retaliation) Hostile work environment

The defendant:  **(please select all that apply)**

[   ]  failed to employ plaintiff.

[   ]  terminated plaintiff's employment.

[   ]  failed to promote plaintiff.

[ ✕ ]  harassed plaintiff.

[ ✕ ]  other (specify) Forced to retire for lack of managerial and leadership support, victimisation, direct and indirect discrimination, orchestrated several Color of Law violations under Civil Rights.

8a.  State **specifically** the circumstances under which defendant, its agent, or employees discriminated against plaintiff **PERSONALLY**:

**VERY IMPORTANT NOTE:**          **INCLUDE <u>SPECIFIC DATES</u>, <u>SPECIFIC EVENTS</u>, AND ANY <u>SPECIFIC COMMENTS</u> MADE BY DEFENDANT PERTAINING TO THE DISCRIMINATION CLAIM ALLEGED ABOVE.**

Attached _____

8b.  List any **witnesses** who would testify for plaintiff to support plaintiff's allegations and the substance of their testimony:

Attached  Also the following agents: Larry Grayson, Erik Shoriak, Jazmin Gonzalez, Michael Benjamin, Lisa Calzada, Alicia Velazquez (R).

8c.  List any **documentation** that would support plaintiff's allegations and explain what the documents will prove:

Rev. Ed. October 26, 2017

Freedom of Information Act requests, Law enforcement filed complaints against management officials, national and local media articles, email communication internally between management officials.

9.   The above acts or omissions set forth in paragraphs 7 and 8 are:

[ X ]   still being committed by defendant.
[   ]   no longer being committed by defendant.

10.   Plaintiff should attach to this complaint a copy of the charge filed with the Equal Employment Opportunity Commission.   This charge is submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, plaintiff prays that the Court grant the following relief to the plaintiff:

[   ] Defendant be directed to employ plaintiff.

[   ] Defendant be directed to re-employ plaintiff.

[   ] Defendant be directed to promote plaintiff.

[ X ] Defendant be directed to   cease and desist all acts of discrimination and harasment, process my duly earned Law Enforcement Officers Safety photographic identification, compensatory and punitive damages, economic and non-economic damages
and that the Court grant such other relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

4.25.2022
Date   *Deliris Montanez*
Signature of Plaintiff

6108 Los Siglos Drive
Address of Plaintiff

| El Paso | Texas | 79912 |
|---------|-------|-------|
| City | State | Zip Code |

Telephone Number(s)   704-293-4307

31

Rev. Ed. October 26, 2017

**BEFORE THE DISTRICT 10 GRIEVANCE COMMITTEE**
**EVIDENTIARY PANEL 10-1**
**STATE BAR OF TEXAS**

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER** | § | |
| **DISCIPLINE,** | § | |
| **Petitioner** | § | |
| | § | **201904383 [BRINKEMA]** |
| **V.** | § | **202005199 [RICE]** |
| | § | |
| **ROBERT CHRIS PITTARD** | § | |
| **Respondent** | § | |

## JUDGMENT OF DISBARMENT

### Parties and Appearance

On November 17, 2021, came to be heard the above styled and numbered causes. Petitioner, Commission for Lawyer Discipline, appeared by and through its attorney of record and announced ready. Respondent, Robert Chris Pittard, Texas Bar Number 00794465, although duly served with the Evidentiary Petition and notice of this default and sanctions hearing, failed to appear.

### Jurisdiction and Venue

The Evidentiary Panel 10-1, having been duly appointed to hear these complaints by the chair of the Grievance Committee for State Bar of Texas District 10, finds that it has jurisdiction over the parties and the subject matter of this action and that venue is proper.

### Default

The Evidentiary Panel finds Respondent was properly served with the Evidentiary Petition and that Respondent failed to timely file a responsive pleading to the Evidentiary Petition as required by Rule 2.17(B) of the Texas Rules of Disciplinary Procedure. Accordingly, the Evidentiary Panel finds Respondent in default and further finds that all facts alleged in the Evidentiary Petition are deemed true pursuant to Rule 2.17(C) of the

Texas Rules of Disciplinary Procedure.

## **Professional Misconduct**

The Evidentiary Panel, having deemed all facts as alleged in the Evidentiary Petition true, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(CC) of the Texas Rules of Disciplinary Procedure.

## **Findings of Fact**

The Evidentiary Panel, having considered the allegations as deemed true, the pleadings, evidence and argument of counsel, makes the following findings of fact and conclusions of law:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

2. Respondent resides in and maintains his principal place of practice in Bexar County, Texas.

3. In representing Ms. Debra Jordan, Respondent neglected his client's matter.

4. Respondent also frequently failed to carry out the obligations that he owed to Ms. Jordan by failing to respond to orders by the Honorable Leonie Brinkema, judge in the U.S. District Court, Eastern District of Virginia, who is also a Complainant in this matter.

5. Robert Rice, Complainant, hired Respondent in August of 2016 to handle his employment discrimination matter. Respondent failed to properly communicate the basis or rate of his fee to Mr. Rice.

6. During the course of the representation, Respondent failed to promptly comply with Mr. Rice's reasonable requests for information.

7. Respondent also failed to reasonably explain the employment discrimination matter to Mr. Rice so that Mr. Rice could make informed decisions regarding the representation.

8. Respondent also neglected Mr. Rice's matter.

9. Respondent also failed to respond to Mr. Rice's grievance as required by the Texas Rules of Disciplinary Procedure.

10. Respondent violated the terms of his partially probated suspension disciplinary judgments by committing acts of misconduct during the judgments' durations.

11. Respondent misrepresented to Mr. Rice that Respondent was filing a bill of review for Mr. Rice's matter when he did not.

12. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorneys' fees and direct expenses associated with this Disciplinary Proceeding in the amount of $2,981.30

13. Respondent owes restitution in the amount of $5,270.00 payable to Eunice Rice, Mr. Rice's widow.

## Conclusions of Law

The Evidentiary Panel concludes that, based on foregoing findings of fact, the following Texas Disciplinary Rules of Professional Conduct have been violated: 1.01(b)(1), 1.01(b)(2), 1.03(a), 1.03(b), 1.04(c), 8.04(a)(3), 8.04(a)(7) and 8.04(a)(8).

## Sanction

The Evidentiary Panel, having found Respondent has committed Professional Misconduct, heard and considered additional evidence regarding the appropriate sanction to be imposed against Respondent. After hearing all sanction evidence and argument, the Evidentiary Panel finds that the proper discipline of the Respondent for each act of Professional Misconduct is Disbarment.

## Disbarment

It is therefore ORDERED, ADJUDGED and DECREED that effective November 17, 2021, Respondent, Robert Chris Pittard, State Bar Number 00794465, is hereby DISBARRED from the practice of law in the State of Texas.

It is further ORDERED Respondent is prohibited from practicing law in Texas, holding himself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any administrative body or holding himself out to others or using his name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

### Notification

It is further ORDERED Respondent shall immediately notify each of his current clients in writing of this disbarment.  In addition to such notification, Respondent is ORDERED to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request.

Respondent is further ORDERED to file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Panel Chair, an affidavit stating that all current clients have been notified of Respondent's disbarment and that all files, papers, monies and other property belonging to all clients and former clients have been returned as ordered herein. If it is Respondent's assertion that at the time of disbarment he possessed no current clients and/or Respondent was not in possession of any files, papers, monies or other property belonging to clients, Respondent shall submit an affidavit attesting that, at the time of suspension, Respondent had no current clients and did not possess any files, papers monies and other property belonging to clients.

It is further ORDERED Respondent shall, on or before thirty (30) days from the

signing of this judgment by the Panel Chair, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending of the terms of this judgment, the style and cause number of the pending matter(s), and the name, address and telephone number of the client(s) Respondent is representing.

Respondent is further ORDERED to file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701) within thirty (30) days of the signing of this judgment by the Panel Chair, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment. If it is Respondent's assertion that at the time of suspension he was not currently listed as counsel or co-counsel in any matter pending before any justice of the peace, judge, magistrate, administrative judge or officer, or chief justice of any court or tribunal, Respondent shall submit an affidavit attesting to the absence of any such pending matter before any justice of the peace, judge, magistrate, administrative judge or officer, or chief justice.

### Surrender of License

It is further ORDERED Respondent shall, within thirty (30) days of the signing of this judgment by the Panel Chair, surrender his law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), to be forwarded to the Supreme Court of the State of Texas.

## Restitution, Attorney's Fees and Expenses

It is further ORDERED Respondent shall pay restitution on or before December 31, 2021, to Eunice Rice in the amount of $5,270.00. Respondent shall pay the restitution by certified or cashier's check or money order made payable to Eunice Rice and delivered to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further ORDERED Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of $2,981.30. The payment shall be due on or before December 31, 2021, and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further ORDERED that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(FF) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

It is further ORDERED this disbarment shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

## **Conditions Precedent to Reinstatement**

It is further ORDERED payment of the foregoing restitution and attorney's fees and expenses shall be a condition precedent to any consideration of reinstatement from disbarment as provided by Rules 2.19, 2.20 and 11.02(D) of the Texas Rules of Disciplinary Procedure.

## **Other Relief**

All requested relief not expressly granted herein is expressly DENIED.

SIGNED this __17th__ day of __November_____, 2021.

> **EVIDENTIARY PANEL**
> **DISTRICT NO. 10-1**
> **STATE BAR OF TEXAS**
>
> *Robert L. Rush*
> ROBERT L. RUSH
> **District 10-1 Presiding Member**



**STATE BAR of TEXAS**



## MR. ROBERT CHRIS 'CHRIS' PITTARD

Not Eligible to Practice in Texas (click for detail)

### PITTARD LAW FIRM

*Bar Card Number:* 00794465
*TX License Date:* 11/03/1995

*Primary Practice Location:* San Antonio , Texas

*1777 NE Loop 410 Ste 600*
*San Antonio, TX 78217-5218*

*Practice Areas:* Labor-Employment

*Statutory Profile Last Certified On:* 04/26/2018

### PRACTICE INFORMATION

*Firm:* Pittard Law Firm

*Firm Size:* 2 to 5

*Occupation:* Private Law Practice

*Practice Areas:* Labor-Employment

*Services Provided:*
Deaf/Hard of Hearing Translation: Not Specified
ADA-accessible client service: Not Specified
Language translation: Not Specified

*Fee Options Provided:* ❓
None Reported By Attorney

### CONTACT INFORMATION

Tel: 210-678-3075 ☎

### COURTS OF ADMITTANCE

*Federal:*
Fifth Circuit Court of Appeals
Texas Southern District/Bankruptcy Court
Texas Western District Court

*Other Courts:*
None Reported By Attorney

*Other States Licensed:*
None Reported By Attorney

*Please note:* This information is self-reported by

*Foreign Language Assistance:*

Spanish

## LAW SCHOOL

*School*
*Degree earned*

St. Mary's University

*Graduation Date*        05/1995

## PUBLIC DISCIPLINARY HISTORY

### State of Texas

| *Sanction* | *Entry date* |
|---|---|
| Disbarment | 11/17/21 |

| *(Start-End)* | | |
|---|---|---|
| *Sanction* | |  |

| *(Start-End)* | |
|---|---|
| *Sanction* | |

| Partially Probated Suspension | 10/29/18 |
|---|---|

| *(Start-End)* | | |
|---|---|---|
| *Sanction* | 11/01/18 - 12/31/18 |  |

| *(Start-End)* | |
|---|---|
| *Sanction* | 01/01/19 - 12/31/20 |

| Public Reprimand | 02/22/18 |
|---|---|

| *(Start-End)* | | |
|---|---|---|
| *Sanction* | |  |

| *(Start-End)* | |
|---|---|
| *Sanction* | |

| Partially Probated Suspension | 01/12/17 |
|---|---|

| *(Start-End)* | |
|---|---|
| *Sanction* | 12/24/16 - 01/07/17 |

| Sanction | | Entry date |
|---|---|---|
| *(Start-End)* **Sanction** | 12/24/16 - 01/07/17 | |
| *(Start-End)* **Sanction** | 01/08/17 - 12/23/18 | |
| Partially Probated Suspension | | 01/12/17 |
| *(Start-End)* **Sanction** | 12/07/17 - 12/21/17 | |
| *(Start-End)* **Sanction** | 12/22/17 - 12/23/18 | |
| Public Reprimand | | 12/10/07 |
| *(Start-End)* **Sanction** | | |
| *(Start-End)* **Sanction** | | |

**Other States**

None Reported By Attorney

Sanctions that indicate a judgment is on appeal are still in effect but are not final and subject to change. To request a copy of a disciplinary judgment that is not available online or for more information about a specific disciplinary sanction listed above, please contact the Office of the chief Disciplinary Counsel at (877) 953-5535

The Texas Attorney Profile provides basic information about Attorneys licensed to practice in Texas. Attorney profile information is provided as a public service by the State Bar of Texas as outlined in Section 81.115 of the Texas Government Code. The information contained herein is provided "as is" with no warranty of any kind, express or implied. Neither the State Bar of Texas, nor its Board of Directors, nor any employee thereof may be held responsible for the accuracy of the data. Much of the information has been provided by the attorney and is required to be reviewed and updated by the attorney annually. The information noted with an asterisk ( ) is provided by the State Bar of Texas. Access to this site is authorized for public use only. Any unauthorized use of this system is subject to both civil and criminal penalties. This does not constitute a certified lawyer referral service.

**Deliris Montanez**
**6108 Los Siglos Drive**
**El Paso, Texas 79912**
**(704) 293-4307**

Robert Chris Pittard

c_k_pittard@yahoo.com

**Subject:**  Failure to follow a direct order from the State Bar of Texas on client's files and unearned attorney's fees.

**Immediately, requesting the $10,000 of unearned fees from the retaliation case with Customs and Border Protection (CBP) and the delivery of all my files to be allowed the opportunity to continue my cases.**

You were hired from 26 February 2016 to when you were disbarred to represent me on several discrimination and retaliation cases against CBP. That involved several agency's processes in place, the Equal Employment Opportunity Commission (EEOC) and the Merit System Protection Board (MSPB).  Below are all the fees I have paid during the time in question.  I am sure I am missing some expenses.

2-26-2016 $5,000 First EEO
10-5-2016 $1,000 EEO
12-2016 $1,500
3-17-2017 $500
5-2-2017 $1,000
1-17-2017 $435.93 Travel Expenses
9-19 & 20-2017 $725.55 Travel Expenses
11-1-2017 $347.85 Travel Expenses
12-1-2017 $1,181.80 Depositions
4-9-2018 $345.57 Travel Expenses
6-20-2018 $362.35 Travel Expenses
12-10-2019 $1,500 OFO Appeal (EEO)
6-15-2020 $1,500 MSPB
6-15-2020 $1,500 EEO

**Total $16,899.05**

On 17 November 2021, you went before the District 10 Grievance Committee Evidentiary Panel 10-1 State Bar of Texas and you received the following notification:
"It is further **ORDERED** Respondent shall immediately notify each of his current clients in writing of this disbarment. In addition to such notification, Respondent is **ORDERED** to return any files, papers, unearned monies and other property belonging to clients and former clients in the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request."

1

On the same day, you were **ORDERED** to provide within thirty (30) days of the signing of the judgment by the Panel Chair, an affidavit stating that all current clients have been notified of Respondent's disbarment and that all files, papers, monies and other property belonging to all clients and former clients have been returned."

You failed to follow the STATE BAR OF TEXAS **ORDER** in its entirety. If it was not because I consistently reached out to you via email, text, phone, and social media platforms, I would have never found out you were disbarred and could not practice law any longer. On 7 March 2022, you finally replied and stated, "My practice has been closed down, and so I can no longer represent clients in any matters." I had to dig into the matter on the State Bar of Texas webpage to find out what was going on. I even missed the opportunity to file for reconsideration on the first EEO case as you were on probation and could not represent any clients for a period of two months and the deadline was within that period.
https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=156493

On 8 September 2021, after I was forced and coerced by you to agree to a settlement with CBP I did not particularly agree with, we closed the retaliation case with the agency. On that agreement you crippled me on getting a settlement that was more appropriate with the merits of the case. There were $10,000 attorney's fees that you suppose to reimburse me for as fees were already paid and as of today's date. I have not seen those unearned fees. That was the agreement when I decided to agree with the settlement.

On 26 January 2022, more likely because of your disbarment as you had to inform the order, the (EEOC) denied our request for reconsideration on the second and third EEO cases that were combined, and now I have no option than to find a new attorney to take the case to file it on the United States District Court. Why did I spend all the attorney's fees for the EEOC process if 99.9% of the cases are on public agencies favor? You constantly told me the case needed to be taken to district court to be settled but first we needed to exhaust all administrative processes.

I gave you until 30 March 2022, to fulfill this request and you have not done so. My next step will be to file a claim in court if we cannot resolve this matter **10** days after you receive this correspondence via email and/or certified mail. The payment can be made electronically via PayPal to the email address below, or cash app at the number below for faster service.

I can be reached at (704) 293-4307 and/or deemontanez@hotmail.com

Respectfully,

*Deliris Montanez*

Deliris Montanez
Client 2016-2021

CC:
State Bar of Texas, Chief Disciplinary Counsel's Office (via email/mail)

2

UNITED STATES OF AMERICA
BEFORE THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
INDIANAPOLIS DISTRICT OFFICE

| | | |
|---|---|---|
| **DELIRIS MONTANEZ** | § | **EEOC NO.  450-2017-00293X** |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **AGENCY NO.  HSC-BP-25773-2016** |
| | § | **HSC-BP-00027-2017** |
| **John F. Kelly, Secretary** | § | |
| **DEPARTMENT OF HOMELAND** | § | **Hon. Johanna Philhower Maple** |
| **SECURITY** | § | |
| **Agency** | § | **DATE: November 9, 2017** |

## COMPLAINANT'S PROPOSED WITNESS LIST

NOW COMES Deliris Montanez, by and through her designated representative, and submits this proposed list of witnesses she intends to call during the hearing in the above captioned case.

1.  Deliris Montanez
    Complainant
    c/o Forté & Pittard, PLLC
    1777 NE Loop 410, Ste. 600
    San Antonio, TX  78217

    Ms. Montanez is the Complainant and has personal knowledge of her claims.

    Watch Commander Jose Tiscareno
    c/o U.S. Customs and Border Protection
    Asst. Chief Counsel's Office
    9434 Viscount Blvd., Ste. 200
    El Paso, Texas 79925-7053

    WC Tiscareno has knowledge of Complainant's claims of discrimination concerning the on-line PALMS course in February 2016.

2.  Watch Commander Martin Morales
    c/o U.S. Customs and Border Protection
    Asst. Chief Counsel's Office
    9434 Viscount Blvd., Ste. 200
    El Paso, Texas 79925-7053

    WC Morales has knowledge of Complainant's claims of discrimination concerning the letter of counseling in February 2016, and memorandum for record in May 2017.

3. Senior Border Patrol Agent Jimmie Scott
   c/o U.S. Customs and Border Protection
   Asst. Chief Counsel's Office
   9434 Viscount Blvd., Ste. 200
   El Paso, Texas 79925-7053

   SBPA Scott has knowledge of Complainant's claims of discrimination concerning the
   letter of counseling from February 2016.

4. Senior Border Patrol Agent Juan Saenz
   c/o U.S. Customs and Border Protection
   Asst. Chief Counsel's Office
   9434 Viscount Blvd., Ste. 200
   El Paso, Texas 79925-7053

   SBPA Saenz has knowledge of Complainant's claims of discrimination concerning the
   gate code incident in February 2016.

5. Senior Border Patrol Agent Charles Vigatto
   c/o U.S. Customs and Border Protection
   Asst. Chief Counsel's Office
   9434 Viscount Blvd., Ste. 200
   El Paso, Texas 79925-7053

   SBPA Vigatto can testify as to SBPA Saenz's animus towards Complainant and her filed
   EEO complaints in the past.  SBPA Vigatto can testify as to the incident at the
   gymnasium in August 2015 which resulted in the letter of counseling in February 2016.

6. Senior Border Patrol Agent Ramon Sifuentes
   c/o U.S. Customs and Border Protection
   Asst. Chief Counsel's Office
   9434 Viscount Blvd., Ste. 200
   El Paso, Texas 79925-7053

   SBPA Sifuentes can testify as to SBPA Saenz's disparate treatment of Complainant.

7. Border Patrol Agent Fernando Landeros
   c/o U.S. Customs and Border Protection
   Asst. Chief Counsel's Office
   9434 Viscount Blvd., Ste. 200
   El Paso, Texas 79925-7053

   BPA Landeros has knowledge of the disparate treatment of Complainant by Agency
   management officials.

UNITED STATES OF AMERICA
BEFORE THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
OFFICE OF FEDERAL OPERATIONS

| | | |
|---|---|---|
| **DELIRIS MONTAÑEZ** | § | DOCKET NO. 2020001577 |
| Appellant, | § | |
| | § | EEOC No. **450-2017-00293X** |
| v. | § | AGENCY NO. **HSC-BP-25773-2016** |
| | § | **HSC-BP-00027-2017** |
| Alejandro N. Mayorkas, Secretary, | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY** | § | |
| Agency | § | DATE: September 10, 2021 |

## APPELLANT'S MOTION FOR RECONSIDERATION

**TO THE OFFICE OF FEDERAL OPERATIONS:**

NOW COMES Appellant, Deliris Montañez ("Montañez" or "Appellant"), and respectfully files this, her Motion for Reconsideration of the Office of Federal Operations decision in the instant case.

**I.**
**PROCEDURAL BACKGROUND**

On April 3-4, 2018, the Administrative Judge held a hearing in the above-numbered and styled case. On August 2, 2019, the Administrative Judge issued her Decision and Order in favor of the Agency. The Agency issued its FAD on November 20, 2019, and received by Appellant on November 25, 2019, implementing the decision of the Administrative Judge.

In contrast, Appellant disagreed with the Administrative Judge's decision and filed her Appeal with the Office of Federal Operations on January 13, 2020. On August 11, 2021, OFO issued its decision upholding the decision of the Administrative Judge.

Appellant believes the decision is in error and files this Motion for Reconsideration.

1

## II.
## FACTUAL BACKGROUND

Appellant, Deliris Montañcz, a Hispanic woman, is currently a Border Patrol Agent with the Bureau of Customs and Border Protection (CBP), and the U.S. Department of Homeland Security (DHS). Appellant's supervisors include BPA Jimmie Scott, Watch Commander Martin Morales, BPA Juan Saenz, Jr., Watch Commander Jose Tiscareno during the relevant periods of this complaint.

In this EEO complaint, Appellant alleges that she was subjected to discrimination on the basis of her race/national origin, Hispanic/Puerto Rican, her sex, female, and reprisal for previous EEO activity.

## III.
## ACCEPTED ISSUES

The accepted claims in this case are:

Whether Customs and Border Protection (CBP) discriminated against Complainant, Border Patrol Agent, GS-1896-12, assigned to the El Paso Border Patrol Station, El Paso, TX, when she was allegedly subjected to harassment based on her sex (female), race (Hispanic), national origin (Puerto Rican), and reprisal (prior EEO activity), when the following occurred;

1. On February 10, 2016, a Supervisor Watch Commander Jose Tiscareno questioned her about completing her required online courses even though her first line supervisor had already spoken to her about the courses;

2. On February 10, 2016, a Supervisor BPA Jimmie Scott issued her a memorandum alleging she engaged in unprofessional conduct;

3. On February 17, 2016, a Supervisor BPA Juan Saenz, Jr. gave her a hard time when she asked for the access code to the gate of the El Paso Processing Center;

4. On February 17, 2016, she was assigned to cover two Areas of Responsibilities (AORs) by herself.

5. On August 23, 2016, September 4, 2016, and September 12, 2016, her requests for official time to participate in EEO activities were denied.

6. On May 7, 2017, Martin Morales, Watch Commander, issued a Performance Counseling to Complainant for not signing a policy roster on December 12, 2016.

## IV.
## ARGUMENT AND AUTHORITIES

The Administrative Judge Erred When She Determined There was No Evidence to Support Appellant's Claims of Discrimination Based on Sex-based discrimination, and Retaliatory Harassment

In her decision, the Administrative Judge erred when she stated that Appellant lacked credibility, particularly when it was shown that management officials lied under oath, either at the hearing or during deposition testimony. The judge stated every management official was credible and attributed every inconsistency in testimony to "fading memory" and "lack of indicia of fabricating answers." The Administrative Judge determined there was no evidence of sex-based discrimination, national origin discrimination or retaliatory and national origin harassment.

**Issue No. 1**

In her testimony, Appellant described Tiscareno's conduct on February 9, 2016, as harassing, that he followed her out of the building, into the parking lot speaking loudly to her harassing her about taking online courses even though she had previously discussed it with her supervisor Jimmie Scott. Of course, Tiscareno's testimony about his demeanor was different than that of Appellant. He testified he did not "harass" Appellant, and that he did not raise his voice or badger Appellant about the online courses. Tiscareno admitted he did not talk to any other male agents that were listed on the email that listed Appellant as not having completed the course. He gave no reason for the discrepancy. This is the essence of discriminatory treatment. Appellant was treated less favorably than her male counterparts who had also not completed the

3

online course.  This conduct by a senior supervisor  would certainly help create the hostile work environment of which Appellant complains.

### Issue No. 2

On February 10, 2016, BPA Jimmie Scott issued Appellant a memorandum of counseling for a verbal altercation between Appellant and a male coworker, Daniel Ortiz.  The memorandum was placed in Appellant's personnel file.  In the memorandum, it states a similar one would be issued to Ortiz.  However, the Agency never produced a written memorandum that was ever placed in Ortiz's file.  BPA Scott in his testimony during the hearing stated he did not issue the memorandum to Ortiz; however, during his deposition testimony, Scott stated he had issued the memorandum to Ortiz.  (Appellant's Exhibit 1, *Scott deposition*, pp. 17, 20).  This huge discrepancy was brought out during the hearing.  Either Scott lied during his deposition or he lied during the hearing.  In fact, as the preponderance of the evidence shows, Watch Commander Martin Morales issued a verbal counseling to Ortiz, but no written counseling was placed in his file.  Scott never issued either a verbal or written counseling to Ortiz.  The evidence was clear, Appellant was treated in a less-favorable manner than her male coworker Ortiz, and the Agency officials lied about issuing him a written counseling.

In his testimony during the hearing, Morales testified that he did not give Ortiz the verbal counselling, although the memorandum stated he did.  In addition, Morales testified under oath, during his deposition that he verbally counseled Ortiz.  (Appellant's Exhibit 2, *Morales deposition*, pg. 39).  This was pointed out to the judge at the hearing and the portion of the transcript read into the record.  Morales either lied at the hearing or during his deposition.

However, as with all the management officials, the judge chalked up these "inconsistencies" to fading memory, but stated all the management officials were credible.

4

Two management officials lied about the counseling of Ortiz.   In that case, the court may infer discrimination based on the falsity of the employer's reasons for its actions.   ***Reeves v. Sanderson Plumbing Products, Inc.***, 530 U.S. 133, 146, 120 S.Ct. 2097, 2108 (2000).   The Administrative Judge erred when she gave carte blanche credibility to management officials and any testimony given by Jimmie Scott or Martin Morales should be given less credibility than that of Appellant.

### Issue No. 6

On May 7, 2017, Martin Morales issued a memorandum to Appellant for an incident that occurred on December 12, 2016.  He was aware that Appellant had been verbally counseled for not signing a muster roster by her supervisor BPA Galindo on December 13, 2016.  Morales still felt it necessary to give Appellant a written memorandum that could be placed in her electronic personnel file.  He admitted he was not aware that on December 13, 2016, BPA Galindo told all the agents who had not signed the roster to sign it.  All the other agents were male.  The only agent that was verbally counseled for not signing the roster was Appellant.  The only agent who was given a memorandum for failing to follow instructions was Appellant, the only female agent on that shift.  Morales admitted that there were agents at different times that did not sign the roster, but he has never issued any written memoranda to them, only Appellant. Morales also admits that it was reasonable for Appellant to read the policy before signing the roster stating she read and understood the policy. (Appellant's Exhibit 2, pp. 19, 20, 23-24, 25).

In his testimony during the hearing, Morales testified that his motivation for issuing the memorandum five months after the incident was to support his supervisor Galindo, which is different than his testimony where he stated he was directed to give the memorandum to Appellant.  (Appellant's Exhibit 2, pp. 25-26).  Again, when different reasons are given for an

5

employer's action, the court may infer discrimination based on the falsity of the employer's reasons for its actions. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146, 120 S.Ct. 2097, 2108 (2000).

### Hostile Work Environment

A hostile environment can also be created when there are perceived inequities of treatment. *See e.g., Williams v. General Motors Corp.*, 187 F.3d 553, 562 (6th Cir. 1999). Finally, although conduct may not be overtly racial in nature, if it is directed at a person because that person is Black, that conduct can be considered harassing behavior because of race and satisfies the "based on race" requirement for establishing a hostile work environment. *See e.g., Williams*, 187 F.3d at 565; *Daniels v. Essex Group, Inc.*, 937 F.2d 1264, 1273 (7th Cir. 1991); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1485 (3d Cir. 1990); *Lipsett v. University of Puerto Rico*, 864 F.2d 881, 905 (1st Cir. 1988). Although Appellant is not Black, it is analogous to her situation. When the conduct is not overtly based on sex, but is directed at the only female, then that can satisfy the "based on sex" requirement.

In sum, a work environment viewed as a whole may satisfy the legal definition of an abusive work environment, for purposes of a hostile work environment claim, even though no single episode crosses the Title VII threshold. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 118 S.Ct. 998, 1003 (1998).

In this case, Appellant believed that she was experiencing a hostile work environment. Primarily, Appellant's hostile work environment was created by the inequities in how she was treated compared to her male coworkers. This was shown in her testimony on all the issues as stated above. There was no evidence that the Agency treated any male coworkers the same way as Appellant was treated. The evidence shows that management officials lied about their

6

treatment of Appellant and that should allow the factfinder to find discrimination.

All of the management officials admitted they were aware of Appellant's previous EEO activity. Morales admitted he had an animus towards Appellant because of her complaining about her hostile work environment, bringing grievances, and accusing coworkers of bad behavior. (Appellant's Exhibit 2, pp. 31-32). Again, the evidence shows that management officials lied about their treatment of Appellant and that should allow the factfinder to find retaliatory motive by management officials.

To compound the Administrative Judge's erroneous decision, the OFO upheld her decision with the following rationale,

"Beyond her own assertions, Complainant has presented neither affidavits, declarations, unsworn statements, or hearing testimony from witnesses other than herself nor documents which contradict or undercut the explanations provided by the various named management officials, which cast doubt upon their veracity as witnesses, or which establish the existence of at least one of the indicators of pretext listed above. We note also that the AJ made extensive and detailed assessments of the credibility of the witnesses, finding Complainant less credible as a witness than the supervisors and managers who were called to testify. An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it." *Deliris Montanez v. Dept. of Homeland Security*, EEOC Appeal No. 2020001577, 3* (August 11, 2021).

Clearly, the Supreme Court has held that when supervisors lie, that is an inference of discriminatory intent and a pretext for discriminatory conduct. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 146, 120 S.Ct. 2097, 2108 (2000). In this case, Appellant did provide deposition testimony that contradicted management officials' testimony at the hearing. Specifically, . BPA Scott in his testimony during the hearing stated he did not issue the memorandum to Ortiz; however, during his deposition testimony, Scott stated he had issued the memorandum to Ortiz. (Appellant's Exhibit 1, *Scott deposition*, pp. 17, 20). This huge

7

discrepancy was brought out during the hearing. Additionally, Martin Morales testified that he did not give Ortiz the verbal counselling, although the memorandum stated he did. In addition, Morales testified under oath, during his deposition that he verbally counseled Ortiz. (Appellant's Exhibit 2, *Morales deposition*, pg. 39). This was pointed out to the judge at the hearing and the portion of the transcript read into the record. Morales and Scott either lied at the hearing or during their depositions. Finally, Morales admitted he had an animus towards Appellant because of her complaining about her hostile work environment, bringing grievances, and accusing coworkers of bad behavior. (Appellant's Exhibit 2, pp. 31-32). **He admitted it!** Clearly this is direct evidence of reprisal and Morales' retaliatory motive towards Appellant.

Direct evidence is evidence that, if believed, ***proves*** the fact of discriminatory animus ***without*** inference or presumption. *See **Rachid v. Jack in the Box, Inc.**,* 376 F.3d 305, 310 fn.6 (5th Cir. 2004). Intentional disparate treatment may be shown by the use of direct evidence that the employer intentionally discriminated against the plaintiff based on unlawful reasons. ***Mooney v. Aramco Services Co.**,* 54 F.3d 1207, 1217 (5th Cir. 1995). To withstand an employer's motion for summary judgment, a plaintiff-employee must present sufficient evidence, whether by direct or circumstantial evidence or both, that she was discriminated against by the employer. ***Acker v. Deboer, Inc.**,* 429 F.Supp.2d 828, 837 (N.D. Tex. 2006). Where a plaintiff provides direct evidence of discrimination, then the McDonnell Douglas [burden-shifting framework] test is inapplicable. *See **Trans World Airlines, Inc. v. Thurston**,* 469 U.S. 111, 121, 105 S.Ct. 613; see also ***Jones v. Robinson Property Group**,* 427 F.3d 987, 992 (5th Cir. 2005).

Clearly, the Administrative Judge did not take this into consideration, nor did OFO in its decision. Both the Administrative Judge and OFO gave carte blanche to the Agency officials,

8

and gave no credibility to the Appellant, which is completely erroneous on the Administrative Judge's part and OFO for regurgitating her opinion rather than actually looking at the evidence presented by the Appellant and applying the law.

These key management officials were clearly lying at the hearing and that should have been taken into consideration by the Administrative Judge and the OFO, and it was an egregious error and a travesty of justice on the part of the Administrative Judge and the OFO not to have found in Appellant's favor on her claims of discrimination when these management officials are lying through their teeth under oath and committing perjury.

### The Administrative Judge Erred in Determining Appellant Did Not Suffer Any Change in her Pay, or Benefits

The loss of pay or benefits for each occurrence is not the proper standard, when the claim of harassment and hostile work environment is to be looked at in the "totality of the circumstances." The requirement for harassment to reach the level of hostile work environment is both a subjective requirement and an objective one; one that a reasonable person would find hostile or abusive, and one that the victim did in fact perceive to be so. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 263 (5th Cir 1999). In determining whether conduct rises to this level, the "totality of the circumstances" must be considered. In this regard, one should consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating; and whether it unreasonably interferes with an employee's work performance." To be actionable the conduct must be severe *or* pervasive. *Id.* at 264; *see also Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81(1998).

The events, as described by Appellant over a period of time from February 2016 through May 2017 could be described as pervasive, and certainly interfered with Appellant's ability to

9

perform her job as she testified at the hearing. Appellant was treated less favorably than her male coworkers by management officials that have shown an animus towards her and have gone out of their way to treat her with disdain and disrespectfully. This was a hostile work environment for Appellant and negatively impacted her work environment.

## V.
## CONCLUSION

The Administrative Judge and the OFO erred in determining there was no evidence to support Appellant's claims of national origin and sex-based discrimination, and retaliatory harassment. As a minimum, the Administrative Judge should have found there was sex-based discrimination and that a hostile work environment existed for Appellant. Instead, the Administrative Judge threw the baby out with the bathwater because it was easier than actually finding discrimination in the form of sex-based and retaliatory harassment and hostile work environment.

The evidence clearly shows that Appellant was treated less favorably than male coworkers in Issues 1, 2 and 6. In each situation, the management official admitted that Appellant was the only agent so treated, and no male agent in similar circumstances was treated as was Appellant. The evidence shows that management officials lied either during the hearing or under oath in deposition. This was pointed out to the Administrative Judge who discounted any issues of inconsistencies and gave complete credibility to management officials when it is clear they lied. In particular BPA Jimmie Scott and Martin Morales lied about the written counseling given to Daniel Ortiz. WC Tiscareno lied about the occurrence in the hallway and his harassment of Appellant; and Morales again lied about the May 7, 2017, memorandum.

When management officials lie about what occurred in the workplace that allows the

factfinder to infer discriminatory intent. The Agency's legitimate non-discriminatory reasons for the actions of which Appellant complains are pretext for discriminatory intent.

The preponderance of the evidence supports Appellant's claims of discrimination for Issues 1, 2 and 6, and for her claims of a hostile work environment based on her sex, female and reprisal for engaging in prior EEO activity. Appellant requests the Commission reverse the Administrative Judge's decisions on those issues and award her compensatory damages for emotional pain and suffering and attorneys' fees.

The OFO's decision was equally erroneous for the same reasons as stated above. The mere "rubber stamping" of the Administrative Judge's decision after an 18-month period shows a lack of analysis and a lack of review of the record by the OFO.

WHEREFORE, PREMISES CONSIDERED Appellant Deliris Montañez prays the Commission reverse the decision of the OFO and the Administrative Judge in favor of the Agency as stated above, and grant to Appellant Deliris Montañez all other relief, whether at law or in equity, to which she may be justly entitled.

<div style="margin-left: 40%;">

Respectfully submitted,

PITTARD LAW FIRM
1777 N.E. Loop 410, Suite 600
San Antonio, Texas 78217
Telephone: (210) 678-3075
Telecopier: (210) 820-2609
Email:

By: /s/ R. Chris Pittard
    R. CHRIS PITTARD
    State Bar No. 00794465

ATTORNEY FOR APPELLANT

</div>

11

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appellant's Motion for Reconsideration was sent via efiling through the EEOC Public Portal the 10th day of September 2021, to the following:

U. S. Equal Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C.  20013


AGENCY:
Executive Director
Office of Diversity and Civil Rights
U.S. Customs and Border Protection
Ronald Reagan Bldg., Room 3.3D
1300 Pennsylvania Ave., NW
Washington, DC  20229

Russell Wardlow
Agency's Representative
U.S. Customs and Border Protection
9434 Viscount Blvd., Suite 200
El Paso, TX  79925-7053


APPELLANT
Deliris Montañez
6108 Los Siglos Drive
El Paso, TX 79912


/s/ R. Chris Pittard
**R. CHRIS PITTARD**

12



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Deliris Montanez, a/k/a
Bernice B.,[1]
Complainant,

v.

Alejandro N. Mayorkas,
Secretary,
Department of Homeland Security,
(Customs & Border Protection),
Agency.

Appeal No. 2020001577

Hearing No. 450-2017-00293X

Agency Nos. HS-CBP-25773-2016 & HS-CBP-00027-2017

DECISION

On December 13, 2019, Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's November 14, 2019 final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

Complainant worked as a Border Patrol Agent, GS-1896-12, at the Border Patrol Station in El Paso, Texas. On April 4, 2016, Complainant filed a formal EEO complaint (Agency No. HS-CBP-25573-2016) alleging that the Agency discriminated against her and subjected her to a hostile work environment on the bases of race (Hispanic)[2], national origin (Puerto Rican), sex (female), and reprisal (prior EEO activity) when:

    1. On February 10, 2016, Complainant's Watch Commander, her second-line supervisor (S2a) questioned her about completing her required online courses even though the

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

[2] Though Complainant identified her race as "Hispanic", we note that the Commission views "Hispanic" to denote national origin rather than race.

Supervisory Border Patrol Agent who served as her immediate supervisor (S1a) had already spoken to her about those courses;

2. On February 10, 2016, S1a issued Complainant a memorandum alleging she engaged in unprofessional conduct;

3. On February 17, 2016, another Supervisory Border Patrol Agent (S1b) gave her a hard time when she asked for the access code to the gate of the El Paso Processing Center; and

4. On February 17, 2016, Complainant was assigned to cover two areas of responsibilities by herself.

On November 16, 2016, Complainant filed a second EEO complaint (Agency No. HS-CBP-00027-2017) alleging that the Agency discriminated against her and subjected her to a hostile work environment on the bases of sex (female), race/national origin (Hispanic/Puerto Rico), and reprisal (prior EEO activity) when:

5. On August 23, 2016, September 4, 2015, and September 12, 2016, management officials denied Complainant official time to participate in EEO activities; and

6. On May 7, 2017, another Watch Commander (S2b) issued a performance counseling to Complainant for not signing a policy roster on December 12, 2016, while no other agents had been counseled for not signing the policy roster.

The complaints were consolidated. Following an investigation, the Agency provided Complainant with a copy of the report of investigation and notice of her right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. The AJ held a hearing on April 3 and April 4, 2018. On August 16, 2019, the AJ issued a decision finding that Complainant was not subjected to discrimination or reprisal as alleged. The Agency subsequently issued its final order fully adopting the AJ's decision. The instant appeal followed.

Pursuant to 29 C.F.R. § 1614.405(a), all post-hearing factual findings by an AJ will be upheld if supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 477 (1951) (citation omitted). A finding regarding whether or not discriminatory intent existed is a factual finding. See Pullman-Standard Co. v. Swint, 456 U.S. 273, 293 (1982). An AJ's conclusions of law are subject to a *de novo* standard of review, whether or not a hearing was held.

To prevail in a disparate treatment claim such as this, Complainant must satisfy the three-part evidentiary scheme fashioned by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Her first step would generally be to establish a prima facie case by

3                                                                          2020001577

demonstrating that he/she was subjected to an adverse employment action under circumstances that would support an inference of discrimination. Furnco Const. Co. v. Waters, 438 U.S. 567, 576 (1978). The prima facie inquiry may be dispensed with in this case, however, since Agency officials articulated legitimate and nondiscriminatory reasons for their actions. See U.S. Postal Service Bd. of Governors v. Aikens, 460 U.S. 711, 713-17 (1983). With regard to incident (1), S2a testified that he was unaware that S1a had talked to Complainant about completing the necessary courses, a fact to which Complainant admitted at the hearing. As to incident (2), S1a testified that Complainant had gotten into a verbal altercation with another agent and both Complainant and that agent were given counseling memoranda for unprofessional conduct. Concerning incident (3), Complainant had forgotten the access code to the processing center, and the on-duty supervisor buzzed her in and later wrote down the code for her. Regarding incident (4), a manager testified that although agents are typically assigned single areas of responsibilities, they are sometimes assigned two or three, and that it was management's right to assign agents to specific areas of operation in order to address operational needs. With respect to incident (6), S2b testified that he counseled Complainant for twice refusing to follow instructions issued by her first-line supervisor directing all agents to sign an updated policy roster.

To ultimately prevail, Complainant must prove, by a preponderance of the evidence, that the Agency's explanation is a pretext for discrimination. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000); St. Mary's Hon. Ctr. v. Hicks, 509 U.S. 502, 519 (1993); Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981). Pretext can be demonstrated by showing such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the Agency's proffered legitimate reasons for its action that a reasonable fact finder could rationally find them unworthy of credence. Opare-Addo v. U.S. Postal Serv., EEOC Appeal No. 0120060802 (Nov. 20, 2007), req. for reconsid. den'd EEOC Request No. 0520080211 (May 30, 2008). Indicators of pretext include discriminatory statements or past personal treatment attributable to those responsible for the personnel action that led to the filing of the complaint, comparative or statistical data revealing differences in treatment across various protected-group lines, unequal application of Agency policy, deviations from standard procedures without explanation or justification, or inadequately explained inconsistencies in the evidentiary record. Mellissa F. v. U.S. Postal Serv., EEOC Appeal No. 0120141697 (Nov. 12, 2015).

Beyond her own assertions, Complainant has presented neither affidavits, declarations, unsworn statements, or hearing testimony from witnesses other than herself nor documents which contradict or undercut the explanations provided by the various named management officials, which cast doubt upon their veracity as witnesses, or which establish the existence of at least one of the indicators of pretext listed above. We note also that the AJ made extensive and detailed assessments of the credibility of the witnesses, finding Complainant less credible as a witness than the supervisors and managers who were called to testify. An AJ's credibility determination based on the demeanor of a witness or on the tone of voice of a witness will be accepted unless documents or other objective evidence so contradicts the testimony or the testimony so lacks in credibility that a reasonable fact finder would not credit it.

See Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chapt. 9, § VI(B) (Aug. 5, 2015).  While Complainant challenges the AJ's findings, she points to no evidence in the record that tends to undermine the credibility of the Agency's management witnesses.

Further, to the extent that Complainant is alleging that she was subjected to a hostile environment, we find that under the standards set forth in Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993) that Complainant's claim of a hostile work environment must fail. See Enforcement Guidance on Harris v. Forklift Systems, Inc., EEOC Notice No. 915.002 (Mar. 8, 1994). A finding of a hostile work environment is precluded by our determination that Complainant failed to establish that any of the actions taken by the Agency were motivated by discriminatory or retaliatory animus.  See Oakley v. U.S. Postal Serv., EEOC Appeal No. 01982923 (Sept. 21, 2000).

Regarding claim (5), Complainant claims that she had been denied official time sufficient to pursue her EEO complaints.  The Commission's regulations regarding the use of official time are set forth as follows:

> If the complainant is an employee of the agency, he or she shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and to respond to agency and EEOC requests for information. If the complainant is an employee of the agency and he designates another employee of the agency as his or her representative, the representative shall have a reasonable amount of official time, if otherwise on duty, to prepare the complaint and respond to agency and EEOC requests for information. The agency is not obligated to change work schedules, incur overtime wages, or pay travel expenses to facilitate the choice of a specific representative or to allow the complainant and representative to confer. The complainant and representative, if employed by the agency and otherwise in a pay status, shall be on official time, regardless of their tour of duty, when their presence is authorized or required by the agency or the Commission during the investigation, informal adjustment, or hearing on the complaint.

29 C.F.R. § 1614.605(b).    Reasonable is defined as appropriate, under the particular circumstances of the complaint, in order to allow a complete presentation of the relevant information associated with the complaint and to respond to Agency requests for information. EEOC Management Directive 110, Chapter 6, § VII(C). The AJ found that on August 23, 2016, the Deputy Patrol Agent in charge of official time requests approved eight hours of official time as opposed to the 10 hours that Complainant requested.  As to the request allegedly made on September 4, 2016, Complainant admitted that she did not recall her request for official time on that date, but the AJ found that she was approved for four hours of official time on September 5, 2016, and eight hours of official time on September 7, 2016.  On September 12, 2016, the Deputy Patrol Agent denied Complainant's request for eight hours of official time because Complainant did not follow the established policy of requesting the time in advance.

However, Complainant was granted eight hours of official time on September 23, 2016, and an additional four hours of official time on October 7, 2016.  Ultimately, we find that the record does not support Complainant's contention that she was denied official time to pursue her EEO complaints.

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that substantial evidence of record supports the AJ's determination that Complainant was not subjected to discrimination, reprisal, or a hostile work environment as alleged.

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

## STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision.  If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**.  A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.  See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx. Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.  In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period.  See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP).  See 29 C.F.R. § 1614.403(g).

Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

_Carlton M. Hadden_
_____
Carlton M. Hadden, Director
Office of Federal Operations


August 11, 2021
Date

7                                                    2020001577

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties**.  I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Deliris Montanez
6108 Los Siglos
El Paso, TX  79912
Via U.S. Mail

R. Chris Pittard, Esq.
1777 Northeast Loop 410
Suite 600
San Antonio, TX  78217
Via U.S. Mail


Franklin C. Jones
Director, EEO
Department of Homeland Security
Customs and Border Protection
Via FedSEP


<u>August 11, 2021</u>
Date

_____
Compliance and Control Division



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Deliris Montanez, a/k/a
Bernice B.,[1]
Complainant,

v.

Alejandro N. Mayorkas,
Secretary,
Department of Homeland Security,
(Customs & Border Protection),
Agency.

Request No. 2021005026

Appeal No. 2020001577

Agency Nos.  HS-CBP-25773-2016 & HS-CBP-00027-2017

Hearing No. 450-2017-00293X

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Bernice B. v. Department of Homeland Security</u>, EEOC Appeal No. 2020001577 (August 11, 2021). EEOC regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

During the relevant time, Complainant worked for the Agency as a Border Patrol Agent in El Paso, Texas.  On April 4, 2016, Complainant filed a formal complaint, claiming discrimination based on race, national origin, sex, and in reprisal for prior protected activity when Complainant's Watch Commander questioned her about completing required online courses;  she

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

3                                    2021005026

was issued a memorandum alleging that she engaged in unprofessional conduct; another Supervisor Border Patrol Agency gave her a difficult time when she asked for an access code; and she was assigned to cover two areas of responsibility herself.

On November 16, 2016, Complainant filed another formal complaint, claiming discrimination based on sex, race/national origin, and in reprisal for prior protected activity when, management officials denied her official time to participate in EEO activities; and a Watch Commander issued her a performance counseling for not signing a policy roster.

The two formal complaints were consolidated. Following an investigation, Complainant requested a hearing before an Administrative Judge (AJ). The AJ held a hearing on April 3 and April 4, 2018. On August 16, 2019, the AJ issued a decision, finding no discrimination. Thereafter, the Agency issued a final order adopting the AJ's decision.

In EEOC Appeal No. 2020001577, the Commission affirmed the Agency's final order adopting the AJ's decision.

In the instant request for reconsideration, Complainant, through counsel, submits a brief expressing disagreement with the appellate decision. The arguments raised in the instant request, however, were either raised on appeal from the Agency's final decision or could have been raised below. There is considerable replication in the matters raised in the instant request and the matters raised below on appeal from the Agency's final order. We emphasize that a request for reconsideration is not a second appeal to the Commission. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 2020001577 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

<u>COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION</u> (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title.

4                                            2021005026

Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


January 26, 2022
Date

5                                    2021005026

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Deliris Montanez
6108 Los Siglos
El Paso, TX  79912
Via U.S. Mail

R. Chris Pittard, Esq.
9434 Viscount Boulevard
El Paso, TX  79925
Via U.S. Mail

Department of Homeland Security
Ronald Reagan Building
#3.3D
1300 Pennsylvania Avenue, NW
Washington, DC   20229
Via FedSEP


January 26, 2022
Date

_Shannon Jones_
Compliance and Control Division