IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **DELIRIS MONTANTEZ BERRIOS,** *Plaintiff*, | § § § | |
| v. | § § | NO. EP-22-CV-0139-DCG-MAT |
| **CHRIS MAGNUS, COMMISSIONER U.S. CUSTOMS and BORDER PROTECTION,** *Defendant*. | § § § § § § | |

## ORDER DENYING "MOTION TO PROCEED *IN FORMA PAUPERIS*" AND "MOTION FOR APPOINTMENT OF COUNSEL"

Before the Court are Plaintiff Deliris Montanez Berrios's ("Plaintiff") "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) and "Motion for Appointment of Counsel" (ECF No. 1-2) (collectively "Motions"). United States District Judge David C. Guaderrama referred these Motions to this Court for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Appendix C of the Local Rules. (ECF No. 2, p. 1). The Court finds that the Motions should be **DENIED** for the following reasons.

### I.  Background

Plaintiff brings this lawsuit alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, and the Rehabilitation Act of 1973. (ECF No. 1-1, p. 1). The Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Notice of Right to Sue on January 26, 2022. *Id.* at 2. Plaintiff filed a "Motion to Proceed *In Forma Pauperis*" on April 26, 2022. (ECF No. 1). Plaintiff also attached her Complaint, the instant "Motion for Appointment of Counsel," a request for summons, and civil cover sheet. *See* (ECF Nos. 1-1—1-4).

1

## II.     "Motion to Proceed *In Forma Pauperis*"

"While one need not be absolutely destitute to qualify for *in forma pauperis* [("IFP")] status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (internal citations omitted). Further, "the decision of whether to grant or deny *in forma pauperis* is within the sound discretion of the trial court." *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). That decision is based only on economic criteria. *Bell v. Children's Protective Servs.*, 506 F. App'x 327 (5th Cir. 2013). Courts include disability benefits and retirement assets in the IFP analysis. *See Jones v. Colvin*, No. 4:14-CV-585-Y, 2014 WL 4273635, at *1 (N.D. Tex. Aug. 28, 2014); *Shepard v. U.S. Postal Inspection Servs.*, No. 2:21-cv-106-KS-MTP, 2021 WL 3828736, at *1 (S.D. Miss. Aug. 6, 2021).

In her application, Plaintiff reports receiving $3,700 per month from her pension and $3,700 per month in disability. (ECF No. 1, p. 1). Combined, these two income streams alone provide Plaintiff with over $88,000 per year. Additionally, Plaintiff reports $25,000 available in a checking or savings account, and $340,000 invested in her thrift saving plan[1] in the form of her parents' home. *Id.* at 2). Presently, Plaintiff does not support any dependents, although she reports that her parents will move in with her this fall. *Id.*

Courts employ the federal poverty guidelines in assessing IFP. *See, e.g.*, *Nesby v. All Com. Floors*, No. 4:22-CV-167-P (BJ), 2022 WL 1037453, at *1 (N.D. Tex. Mar. 8, 2022); *Jones*, 2014 WL 4273635, at *1. The applicable poverty guideline for a family of one is $13,590. Poverty Guidelines, *HHS Poverty Guidelines for 2022*, Poverty Guidelines | ASPE (hhs.gov) (last updated Jan. 12, 2022); *see Jones*, 2014 WL 4273635, at *1. Plaintiff's income significantly exceeds this

---

[1] Abbreviated as "TSP," a thrift savings plan is a retirement plan for federal employees. "About us," *Thrift Savings Plan*, https://www.tsp.gov/about-us/.

amount. Thus, the Court finds that the information in this application shows that Plaintiff has sufficient resources available to pay the required $402 filing fee. *See Nesby*, 2022 WL 1037453, at *1. Accordingly, Plaintiff's "Motion to Proceed *In Forma Pauperis*" is hereby denied.

### III.    "Motion for Appointment of Counsel"

There is no automatic right to appointment of counsel in a civil case. *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) (affirming denial of counsel in a Title VII age discrimination action); *see Toppins v. Day*, No. Civ.A. 98-3753, 2002 WL 1484386, at *1 (E.D. La. July 10, 2002) (denying appointed counsel in a civil rights case). In a civil case, "a federal court has considerable discretion in determining whether to appoint counsel." *Salmon*, 911 F.2d at 1166. In employment cases like the instant case, there are two different frameworks for determining whether appointment of counsel is appropriate, under the 42 U.S.C. § 1983 and Title VII. *Id.* ("[A]ge discrimination is similar in purpose and procedure to both section 1983 and Title VII lawsuits"). The Court will discuss each in turn.

#### A. Plaintiff is not entitled to appointed counsel pursuant to § 1983.

Under the § 1983 framework, the court may appoint counsel if it finds "exceptional circumstances" exist after applying the following four factors: "(1) the type and complexity of the case; (2) whether petitioner is capable of presenting his case adequately; (3) whether petitioner is in a position to investigate the case adequately; and (4) whether the evidence will consist in large part of conflicting testimony, so as to require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

Here, Plaintiff brings an employment case under several federal statutes. (ECF No. 1-1, p. 1). While this type of case may be too complex for certain plaintiffs to prosecute, the Court observes that Plaintiff has a master's degree in management. (ECF Nos. 1-2, p. 2). Further, she has

demonstrated that she can sufficiently investigate, construct arguments, and articulate her situation. Plaintiff's letter to her former attorney, who was disbarred while representing her, demonstrates her ability in this regard.² (No. 1-1, p. 15). She also assembled the relevant documentation related to his disbarment and pf prior EEOC filings in support of her Complaint. *See id.* at 5-14, 19-41. Finally, she properly filled out and filed the Complaint along with the instant Motions before this Court, a request for summons, and civil cover sheet. *See id.* at 1-4; (ECF Nos. 1; 1-1; 1-2; 1-3; 1-4). Moreover, at the present juncture of the case, it is too early to tell whether the evidence will consist in large part of conflicting testimony requiring cross examination beyond her skill. Defendant has not yet been served, there has been no answer, and discovery has not begun. As such, the Court finds that at this time Plaintiff has not demonstrated exceptional circumstances, and that Plaintiff is capable of presenting her own case. *See Salmon*, 911 F.2d at 1166.

### B.  Plaintiff is not entitled to appointed counsel pursuant to Title VII.

Under the Title VII framework, appointment of counsel considerations include: "the probable success of the claim, the efforts by the plaintiff to retain counsel, and the plaintiff's financial ability." *Id.* (citing *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)). Here, as discussed above, the Court has deemed that Plaintiff is not indigent. Despite being unsuccessful in retaining new counsel after her initial attorney was disbarred, Plaintiff has sufficient financial resources to continue searching for representation. *See* (ECF Nos. 1-2, p. 44; 1, p. 1). Moreover, the Court is not confident that Plaintiff will succeed on her claim considering

---

² Plaintiff states that: "[i]f it was not because I consistently reached out to you via email, text, phone, and social media platforms, I would have never found out you were disbarred . . .  [.] I had to dig into the matter on the State Bar of Texas webpage to find out what was going on." (ECF No. 1-1, p. 16). She further makes a demand of her former attorney to refund attorney's fees within ten days or face legal action. *Id.*  Finally, she copies the State Bar of Texas Chief Disciplinary Counsel's Office. *Id.*

the prior adverse administrative rulings.[3] Thus, under the Title VII analysis the Court finds that Plaintiff is not entitled to appointed counsel considering her financial resources and the current administrative posture of the case. Plaintiff's unfruitful attempts to find new counsel do not merit appointment of counsel. *See Salmon*, 911 F.2d at 1166.

Accordingly, Plaintiff's "Motion for Appointment of Counsel" is hereby denied.

### IV.   Conclusion

Accordingly, the Court finds the following Order should be entered:

**IT IS ORDERED** that the "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that on or before thirty (30) days from the date of this Order, Plaintiff shall pay the required filing fee in this matter.

**IT IS FURTHERMORE ORDERED** that the "Motion for Appointment of Counsel" (ECF No. 1-2) is **DENIED.**

In the event Plaintiff wishes to appeal, she must file an appeal to the District Court from this Order within fourteen (14) days of the Order.

Plaintiff is hereby advised that if she fails to pay the filing fee or file an appeal within the time frames outlined above, this matter is subject to being dismissed without further notice.

**SIGNED** and **ENTERED** this 17th day of June, 2022.

_____
MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

---

[3] After the administrative judge initially found no discrimination, which the EEOC adopted, Plaintiff requested reconsideration of that decision. (ECF No. 1-1, p. 19, 39). The EEOC denied the reconsideration and upheld the previous no discrimination finding. *Id.* at 39. It also provided Plaintiff with the right to file a civil action. *Id.*