**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **DELIRIS MONTANEZ BERRIOS**, | § | |
| | § | |
| ***Plaintiff*****,** | § | |
| **v.** | § | |
| | § | |
| **CHRIS MAGNUS,** *Commissioner of the U.S. Customs and Border Protection*, | § | **EP-22-CV-00139-DCG** |
| | § | |
| | § | |
| ***Defendant*****.** | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING MAGISTRATE JUDGE'S DETERMINATION**

On appeal from the United States Magistrate Court, this Court AFFIRMS United States Magistrate Judge Miguel A. Torres's decision to deny *pro se* Plaintiff Deliris Montanez Berrios's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) and "Motion for Appointment of Counsel" (ECF No. 1-2).

## I. BACKGROUND

Plaintiff moved to proceed *in forma pauperis* ("IFP") and for appointment of counsel. IFP Mot., ECF No. 1; Mot. Appt. Counsel, ECF No. 1-2. This Court referred Plaintiff's motions to Judge Torres for determination. ECF No. 2. Judge Torres denied both motions. Mag. J. Order, ECF No. 4. He denied Plaintiff's motion to proceed *in forma pauperis*, finding that she has sufficient financial resources available to pay the filing fee. *Id.* at 2–3. He denied Plaintiff's motion for appointment of counsel, finding that she was unlikely to succeed on the merits of her claim, has demonstrated an ability to present her own case, and has sufficient

financial resources to continue her search for counsel. *Id.* at 3–5. Plaintiff now appeals Judge Torres's Order.[1] *See* Br., ECF No. 6.

## II. DISCUSSION

### A. Standard

A party may ask the district court to review a magistrate judge's non-dispositive pretrial order. 28 U.S.C. § 636(b)(1)(A). A district court reviews a magistrate judge's non-dispositive pretrial order under a "clearly erroneous or contrary to law" standard of review. *Id.* ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *King/Morocco v. Premier Honda of New Orleans*, No. 18-8966, 2019 WL 1903225, at *2 (E.D. La. Apr. 29, 2019) (reviewing magistrate judge's order denying motion to proceed *in forma pauperis* under clearly erroneous or contrary to law standard of review); *Cotton v. Thaler*, No. SA-10-CV-87-XR, 2010 WL 2163368, at *1 (W.D. Tex. May 25, 2010) (same); *Vicks v. Tanner*, No. 13-4773, 2013 WL 3730147, at *1–2 (E.D. La. July 12, 2013) (reviewing magistrate judge's order denying motion to appoint counsel under clearly erroneous or contrary to law standard of review).

### B. Analysis

#### *1. Motion to Proceed In Forma Pauperis*

Whether a plaintiff can proceed *in forma pauperis* is based on their financial resources. *Watson v. Ault*, 525 F.2d 886, 890–91 (5th Cir. 1976) (plaintiff's *in forma pauperis* affidavit must "demonstrate economic eligibility"); *Bell v. Child.'s Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (per curiam) (unpublished) ("Whether a party may proceed IFP in the

[1] The District Clerk docketed Plaintiff's appeal as an interlocutory appeal to the Fifth Circuit. ECF No. 6. As the Fifth Circuit's Office of the Clerk pointed out, Plaintiff's appeal is not directed at the Fifth Circuit; it's directed at this Court. ECF No. 8.

district court is based solely on economic criteria."). "The central question is whether the movant can afford the costs without undue hardship or deprivation of the necessities of life." *Bell*, 506 F. App'x at 327 (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

Courts consider the cost of the filing fee, which is $402. *E.g.*, *Bien v. Saul*, No. 1:20-CV-00212-H-BU, 2021 WL 3729031, at *1 (N.D. Tex. July 30, 2021) ("In making an *in forma pauperis* determination, courts should consider whether payment of the filing fee will result in the applicant suffering undue financial hardship." (quotation omitted)); *see also Fee Schedule*, W. DIST. TEX., txwd.uscourts.gov/court-information/fee-schedule/ (last visited Oct. 5, 2022). As a starting point for determining whether an IFP applicant can bear the costs, courts often consider whether the applicant's income is above or below the United States Department of Health and Human Services's ("HHS") poverty guidelines. *E.g.*, *Nesby v. All Com. Floors*, No. 4:22-CV-167-P (BJ), 2022 WL 1037453, at *1 (N.D. Tex. Mar. 8, 2022); *McKinley v. County of Fresno*, No. 1:21-cv-00754-NONE-SAB, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021). An IFP applicant's income relative to the poverty guidelines, however, is not dispositive; courts must place that information in the context of the applicant's overall financial resources. *McKinley*, 2021 WL 3007162, at *1 ("[T]he poverty guidelines should not be considered in a vacuum; rather, courts are to consider income in the context of overall expenses and other factors, including savings and debts.").

Plaintiff reports receiving $3,700 per month from her pension and $3,700 per month from disability, for a total of $7,400 per month or $88,800 per year. Mag. J. Order at 2; IFP Mot. at 1.[2] Plaintiff also reports that she has $25,000 available in her checking or savings

[2] The Court refers to page numbers assigned by CM/ECF rather than internal pagination.

account and owns several valuable assets, including multiple automobiles and two houses. IFP Mot. at 2. On the flip side, she also reports assorted monthly expenses, totaling $9,606 per month, as well as several debts. *Id.* Based on these facts in her affidavit, Plaintiff's monthly expenses exceed her monthly income.

As the Magistrate Judge found, Plaintiff's reported income is significantly above the relevant poverty guideline. Mag. J. Order at 2–3 (comparing HHS's relevant poverty guideline at $13,590 to Plaintiff's annual income of around $88,800 per year).[3] Although Plaintiff reports notable monthly expenses exceeding her monthly income, the $25,000 in her checking or savings account suggests she is able to pay the filing fee. *See* IFP Mot. at 1–2. On appeal, Plaintiff says that the $25,000 is "diminishing rapidly." Br. at 1–2. But Plaintiff fails to address how much money remains in her account(s), *see id.* at 1–4, and the Magistrate Judge correctly relied on Plaintiff's affidavit in which she stated she had $25,000 available, *see, e.g.*, 28 U.S.C. § 1915(a) (requiring IFP applicants to submit an affidavit "that includes a statement of all assets"); *Watson*, 525 F.2d at 891 (noting that "[t]he *only* determination to be made by the court . . . is whether the statements in *the affidavit* satisfy the requirements of poverty" (emphasis added)).

Given Plaintiff's money available in her checking or savings account—even if now less than $25,000—it was not clearly erroneous or contrary to law for the Magistrate Judge to conclude that she is able to pay the filing fee despite her monthly income-to-expenses ratio. *See Lintz v. Donahoe*, No. 2:14-cv-0224 JAM DAD PS, 2014 WL 1338782, at *1 (E.D. Cal. Apr. 2, 2014) (denying motion to proceed IFP although plaintiff's expenses exceeded income because "plaintiff [had] $3,000 in cash or in a checking or savings account"); *cf. Dobbins v. Kroger Co.*,

[3] For the relevant poverty guideline, see *HHS Poverty Guidelines for 2022*, HHS, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Oct. 5, 2022).

No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP motion where expenses exceed income but some expenses "appear[ed] excessive"); *Scherer v. Merck & Co.*, No. 05-2019-CM, 2006 WL 2524149, at *1 (D. Kan. Aug. 24, 2006) (denying IFP motion where expenses exceed income but some expenses were discretionary). This Court thus concludes that the Magistrate Judge's decision to deny Plaintiff's motion to proceed *in forma pauperis* was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge's decision is AFFIRMED.

***2. Motion for Appointment of Counsel***

Plaintiff moved for appointment of counsel under Title VII—specifically, 42 U.S.C. § 2000e-5(f)(1). Mot. Appt. Counsel at 1. That provision permits a court to, in "circumstances as [it] may deem just," appoint counsel for a plaintiff who files a complaint in a district court after the Equal Opportunity Employment Commission ("EEOC") decides not to pursue a claim on the plaintiff's behalf. 42 U.S.C. § 2000e-5(f)(1).

Whether to appoint counsel under Title VII is a discretionary decision. *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990) (per curiam) ("There is no automatic right to appointment of counsel."). When determining whether the court should appoint counsel, it "considers: '(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel.'" *Buesgens v. Snow*, 169 F. App'x 869, 870 (5th Cir. 2006) (per curiam) (unpublished) (quoting *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990)). "No single factor is conclusive." *Gonzalez*, 907 F.2d at 580.

On the merits of Plaintiff's claim, the Magistrate Judge determined that he was "not confident that Plaintiff will succeed on her claim considering the [EEOC's] prior adverse

administrative rulings." Mag. J. Order at 4–5. While not dispositive, the Fifth Circuit has said prior administrative rulings are "highly probative in determining whether to appoint counsel." *Gonzalez*, 907 F.2d at 580 (quotation omitted). In addition, Plaintiff gives little information in her complaint, or the attached exhibits, that would allow the Court to assess the merits of her action. *See Johnson-Caldwell v. McCarthy*, EP-19-CV-00282-FM, 2020 WL 10353927, at *2 (W.D. Tex. Sept. 14, 2020) (denying IFP motion where, among other things, the plaintiff's complaint "comprised of a singular conclusory statement").

On Plaintiff's efforts to obtain counsel, the Magistrate Judge recognized that Plaintiff has made several unsuccessful attempts. Mag. J. Order at 4–5; *see also* Mot. Appt. Counsel at 3 (showing that Plaintiff has contacted 16 attorneys). The Magistrate Judge concluded, however, that given the totality of the circumstances—that is, Plaintiff's financial resources and likelihood of success on the merits—Plaintiff's unsuccessful attempts to retain counsel do not warrant the Court appointing counsel. Mag. J. Order at 4–5 (citing *Salmon*, 911 F.2d at 1166–67 (upholding district court's decision to deny appointment of counsel even though the plaintiff "adequately demonstrated both his inability to retain counsel and his indigency")).

Finally, on Plaintiff's financial ability to retain counsel, the Magistrate Court concluded that Plaintiff has "sufficient financial resources to continue searching for representation." Mag. J. Order at 4 (relying on analysis pertaining to Plaintiff's motion to proceed *in forma pauperis*). Though this Court is sympathetic to Plaintiff's financial predicament, given Plaintiff's discretionary expenses, IFP Mot. at 2 (for example, donations and a "business coach"), money available in her checking or savings account, *supra* Section II.B.1., and the possibility of retaining an attorney "under a contingency or other modified payment basis," *Gonzalez*, 907 F.2d at 580, Plaintiff has not shown that she lacks the financial ability to retain counsel, *see,*

*e.g.*, *Gonzalez*, 907 F.3d at 580 (stating similar where plaintiff only had "modest" savings); *Salmon*, 911 F.2d at 1166–67 (denying appointment of counsel even when the plaintiff proved "his indigency"); *Lee v. USPS*, 882 F. Supp. 589, 593–94 (E.D. Tex. 1995) (denying appointment of counsel where plaintiff had steady salary and owned multiple vehicles, but had "no outstanding debts").

Based on the above, this Court concludes that the Magistrate Judge's determination that Plaintiff is not entitled to appointment of counsel under Title VII was not "clearly erroneous or contrary to law."[4] 28 U.S.C. § 636(b)(1)(A). The Magistrate Judge's decision is AFFIRMED.[5]

## III. CONCLUSION

The Court AFFIRMS U.S. Magistrate Judge Miguel A. Torres's Order denying Plaintiff Deliris Montanez Berrios's "Motion to Proceed *In Forma Pauperis*" (ECF No. 1) and "Motion for Appointment of Counsel" (ECF No. 1-2).

**So ORDERED and SIGNED this 6th day of October 2022.**

**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Magistrate Judge also analyzed whether it should appoint counsel under 42 U.S.C. § 1983. Mag. J. Order at 3–4. This was not required because Plaintiff did not move for appointment of counsel under section 1983. Mot. Appt. Counsel at 1 (moving for appointment of counsel under Title VII only); *see also Buesgens*, 169 F. App'x at 871 (noting that the Fifth Circuit "has not specifically enumerated" section 1983 factors as "factors to be considered in Title VII appointment cases"). Even if were required, or even if the Fifth Circuit did consider factors relevant under section 1983 appointment cases to be relevant under Title VII appointment cases, this Court would conclude that the Magistrate Court's decision to deny Plaintiff appointment of counsel under section 1983 was not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). For reasons stated by the Magistrate Judge, Plaintiff has shown herself able to adequately investigate and present her case. Mag. J. Order at 3–4.

[5] For the first time on appeal, Plaintiff explains that she "belie[ves]" that a magistrate judge of this district—whom Plaintiff does not name—has a conflict of interest. Br. at 4. Plaintiff provides no support for this allegation. *See generally* Br. Plaintiff fails to develop this argument; it is therefore waived. *See Paez v. Wal-Mart Stores Texas, LLC*, EP-20-CV-00321-DCG, 2022 WL 3216343, at *1–2 (W.D. Tex. Aug. 9, 2022).