UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **DELIRIS MONTANEZ BERRIOS**, | § |
| *Plaintiff*, | § |
| v. | § |
| | §   EP-22-CV-00139-DCG |
| **CHRIS MAGNUS,** *Commissioner of the U.S. Customs and Border Protection*, | § |
| *Defendant*. | § |

## ORDER DENYING MOTION FOR RECONSIDERATION

*Pro se* Plaintiff Deliris Montanez Berrios asks this Court to reconsider its decision affirming Magistrate Judge Miguel A. Torres's order denying her motions to proceed *in forma pauperis* and to appoint counsel. Mot. Recons., ECF No. 14; *see also* Order Denying Mots., ECF No. 4; Mem. Op. Affirming, ECF No. 11.

Federal Rule of Civil Procedure 54(b) governs Berrios's Motion for Reconsideration.[1] In part, Rule 54(b) allows a district court to reconsider non-final orders before all matters in the case are resolved. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017); *see also* FED. R. CIV. P. 54(b) (providing that courts may revise interlocutory orders "any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities"). Rule 54(b) is a flexible rule under which a district court can reconsider and revise "its decision for

---

[1] Berrios does not specify which Federal Rule of Civil Procedure she is moving under. *See generally* Mot. Recons. The Court construes her Motion for Reconsideration as one under Rule 54(b). Federal Rule of Civil Procedure 59(e) is not an option because "Rule 59(e) governs motions to alter or amend a final judgment," which is not Berrios's request. *Austin*, 864 F.3d at 336; *see also* Mot. Recons. Similarly, Federal Rule of Civil Procedure 60(b) is unavailable because it is a more stringent standard that Rule 59(e), *Few v. Young*, 992 F.3d 391, 396–97 (5th Cir. 2021), which the Fifth Circuit has made clear is too high a bar for reconsideration of non-final orders, *see Austin*, 864 F.3d at 336–37.

any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336 (quotation omitted).

In its earlier Memorandum Opinion and Order affirming the Magistrate Judge's determination, this Court carefully considered almost all of the arguments Berrios raises in her Motion for Reconsideration. *See generally* Mem. Op. Affirming. For example, this Court addressed Berrios's request for appointment of counsel under Title VII, 42 U.S.C. § 2000e-5(f)(1), and ruled that even if Berrios's motion for appointment of counsel could be construed as a motion under 42 U.S.C. § 1983, this Court would deny her motion "[f]or the reasons stated by the Magistrate Judge."[2] *Id.* at 5–7, 7 n.4. Berrios's letter from her healthcare provider does not change that outcome. *See* Healthcare Provider Letter, ECF No. 7; *see also* Mot. Recons. at 2–3. The Magistrate Judge correctly explained—and it remains true—that this case does not present exceptional circumstances because Berrios has shown her capacity to represent herself thus far, and it is too early to tell whether this case is one that will "require skill in the presentation of evidence and in cross examination." *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982); Order Denying Mot. at 3–4. If this case grows in complexity or other relevant circumstances change, Berrios can always move for appointment of counsel at that time.

Berrios does raise one new issue in her Motion for Reconsideration. She asks this Court to "transfer this case to another county within our state" because, Berrios alleges, Magistrate Judge Torres has a conflict of interest. Mot. Recons. at 4–5. As a threshold matter, this Court can't transfer this *federal* case to a county or state court.[3] *See, e.g., Sisk v. BWS Inspection*

---

[2] This Court also already carefully addressed Berrios's argument that she should be permitted to proceed *in forma pauperis*. *Compare* Mot. Recons. at 1–2, 4, *with* Mem. Op. Affirming at 2–5.

[3] Berrios opened this case in federal court, so remand to state court is also unavailable. *See, e.g.*, 28 U.S.C. § 1447 (explaining that a motion to remand is filed in response to a notice of removal under 28 U.S.C. § 1446).

*Servs., LLC*, PE:21-CV-00087-DC-DF, 2022 WL 3567349, at *2–3 (W.D. Tex. Aug. 16, 2022) (explaining that transfer from federal to state court is unavailable under 28 U.S.C. 1404(a), which governs change of venue); *Williams-El v. U.S. Fed. Bureau of Prisons*, No. 94-5341, 95-5120, 1996 WL 247278, at *1 (D.C. Cir. Apr. 17, 1996) (holding that 28 U.S.C. § 1631, which allows courts to transfer cases to cure want of jurisdiction, does not permit transfer to state courts). Even if this Court could transfer this case to a state court, or even if this Court construed Berrios's request as a motion to change venue, this Court would deny Berrios's request because her allegations are speculative and unsupported. *Cf.* 28 U.S.C. § 455(a) (requiring judges to recuse themselves when their "impartiality might *reasonably* be questioned" (emphasis added)); *see also United States v. Houston*, No. 3:13-09-DCR, 2014 WL 241589, at *2 (E.D. Tenn. Jan. 22, 2014) (referring to § 455(a) when reviewing alleged conflict of interest of a judge other than the presiding judge). Berrios has not shown that one might reasonably question Magistrate Judge Torres's impartiality. Moreover, this Court—apart from the Magistrate Court—has now twice independently reviewed Berrios's requests.

In sum, Berrios has not shown that this Court should reconsider its earlier decision. The Court thus **DENIES** Plaintiff Deliris Montanez Berrios's Motion for "Reconsideration to Appeal to Order Denying Motion to Proceed *In Forma Pauperis* and Motion for Appointment of Counsel" (ECF No. 14). The Court further **DENIES** Berrios's Motion for Reconsideration insofar as she asks this Court to transfer this case to a state or county court.

**So ORDERED and SIGNED this 22nd day of November 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**